## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ISAAC GOODMAN, )<br>    #268285, )<br>) <br>Petitioner, )<br>)<br>v. )<br>)<br>LEROY CARTLEDGE, Warden, )<br>M.C.C.I., )<br>)<br>Respondent. )<br>_____) | CIVIL ACTION NO. 0:07-3519-MBS-BM<br><br>**REPORT AND RECOMMENDATION** |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on October 21, 2007.[1] The Respondent filed a return and motion for summary judgment on February 1, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on February 4, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving extensions of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on April 21, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988). Although the envelope attached to the initial petition in PACER reflects a prison mailroom stamp of July 12, 2007, the Respondent points out, "this [Respondent incorrectly cites July 21 2007]cannot be correct, as the petition itself is dated October 21, 2007." See Respondent's Memo in Support of Summary Judgment, p. 9. Accordingly, the Petitioner is given the benefit of the date that he signed the petition, October 21, 2007, as the filing date.

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local



**Procedural History**

Petitioner was indicted in July 2000 in Richland County for Trafficking in cocaine more than twenty-eight grams but less than one hundred grams [Indictment No. 00-GS-40-38893](R.pp. 305-306),[3] possession with intent to distribute ("PWID") marijuana [Indictment No. 00-GS-40-38894](R.pp. 308-309), PWID crack cocaine [Indictment No. 00-GS-40-38896](R.pp. 311-312), resisting arrest [Indictment No. 00-GS-40-38897](R.pp. 314-315), and PWID crack cocaine within a half mile of a school [Indictment No. 00-GS-40-54135](R.pp. 317-318). Petitioner was represented by Robert Mills, Esquire, and on July 25-26, 2000 had a bench trial before South Carolina Circuit Judge James R. Barber, III. (R.pp. 103-297). Petitioner was found guilty on all charges and sentenced to concurrent sentences of twenty-five (25) years and $50,000 for Trafficking in cocaine more than twenty-eight grams but less than one hundred grams [Indictment No. 00-GS-40-38893](R.pp. 295, 307); five years on "PWID" marijuana [Indictment No. 00-GS-40-38894](R.pp. 295, 310); ten (10) years and a $100,000 fine for PWID crack 3rd offense or greater [Indictment No. 00-GS-40-38896](R.pp. 292, 294-296, 313); one (1) year for resisting arrest [Indictment No. 00-GS-40-38897](R.pp. 295-296, 316); and five (5) years for PWID crack cocaine within a half mile of a school [Indictment No. 00-GS-40-54135](R.pp. 295, 319).

Petitioner filed a timely appeal in which he was represented by Wanda H. Haile, Senior Assistant Defender with the South Carolina Office of Appellate Defense. Petitioner raised the following issue in his direct appeal:

---

Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]The record provided to the Court also contains court records relating to some of Petitioner's other criminal cases, including PCR actions. Only the portion of the record relevant to the convictions contested in the habeas petition at bar are referenced and discussed.

2



> The lower court erred in denying appellant's motion to suppress the drugs found subsequent to his arrest because the arrest itself was unlawful.

See Respondent's Exhibit 2, p. 55.

On July 29, 2002, the South Carolina Court of Appeals filed an opinion affirming the convictions and sentences. (R.pp. 299-304). State v. Goodwin, 567 S.E.2d 912 (S.C.Ct.App. 2002). The Remittitur was sent down on August 14, 2002. (R.p. 298).

On September 25, 2002, Petitioner filed an Application for Post-Conviction Relief ("APCR") in state circuit court; Goodman v. State of South Carolina, 02-CP-40-4682 (R.pp. 320-329); in which he raised the following issues:

> 1. The applicant was denied effective assistance of appellate counsel when counsel refused to raise his requested jurisdictional ground that would have entitled him to relief.
>
> 2. The Prosecutor committed deliberate misconduct by indicting applicant on a none indictable misdemeanor after it had been dismissed by the Magistrate Court with prejudice.
>
> 3. The trial court lacked subject matter pursuant to the South Carolina Constitution.

(R.p. 325-328).

On January 20, 2004, an evidentiary hearing was held at which Petitioner was represented by Melissa J.R. Kimbrough. (R.pp. 336-408). In addition to PCR case No. 02-CP-40-4682, the hearing also addressed other PCR cases that had been filed by the Petitioner relating to other convictions. [Case Nos. 01-CP-40-1501, 01-CP-40-1626]. On February 19, 2004, the PCR judge entered a written order denying the petition in its entirety. (R.pp. 425-430).

Petitioner's counsel filed a Notice of Appeal with the South Carolina Supreme Court dated February 23, 2004. See Respondent's Exhibit 3. However, Petitioner was also apparently filing pro se motions with the court, and on May 21, 2004 the Clerk of the South Carolina Supreme

3



Court sent a letter noting that he could not tell if the post-trial motions Petitioner had filed were timely and that it would be up to either party to make a motion to dismiss the appeal if the party believed those post-trial motions should be heard. See Respondent's Exhibit 4.[4] No such motion was filed, but Petitioner did file a "Pro-Se, Motion to Remove Counsel for Self Representation". See Respondent's Exhibit 5. Petitioner was allowed to represent himself; see Respondent's Exhibits 6-8; and he then raised the following issues in his writ of certiorari:

> 1. Whether the combined effect of S.C. Code Ann. § 22-5-710 (Supp. 1985) and, in addition, the 1998 amended statute, S.C. Code Ann. § 22-5-510 (Supp. 1998) was to deprive the Court of General Sessions of jurisdiction to try petitioner?
>
> 2. Whether the multiple acts and omissions of petitioner's trial counsel's denied him the effective assistance of counsel?
>
> 3. Whether the post-conviction hearing Judge erred where he ruled petitioner could not challenge the 1995 prior convictions dismissing his PCR application denying him relief where his 1995 priors were used by the State to seek life imprisonment based on a letter of Notice?

See Respondent's Exhibit 9, p. 2.

On September 20, 2006, the South Carolina Supreme Court issued an order denying the petition for writ of certiorari. See Respondent's Exhibit 14. Petitioner then filed a pro se petition for rehearing, and a "Motion to Stay Remittitur Pending Ruling on Petitioner's Motion for Rehearing En Banc", both dated October 18, 2006. See Respondent's Exhibits 15 and 16. The South Carolina Supreme Court denied both of these motions. See Respondent's Exhibit 18. The Remittitur was sent down on November 14, 2006. See Respondent's Exhibit 19.

---

[4]The Exhibit numbers are from the courtesy copy provided to the Court. These numbers do not correlate with the court electronic filing numbers for these exhibits. However, since a courtesy copy was also filed on the Petitioner, the undersigned has used these numbers in order that the Petitioner's copy of these exhibits would correlate with the numbers listed herein.



In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: Ineffective Assistance of Appellate Counsel.
> Petitioner contends his appellate counsel was ineffective for failing to assert on direct appeal that the traffic offenses were dismissed with prejudice by a magistrate.
>
> **Ground Two:** Prosecutorial Misconduct.
> Petitioner contends the prosecutor committed misconduct (1) by attempting to bring the moped charges to General Sessions court even though they had been judicially dismissed with prejudice, (2) for prosecuting him for resisting arrest even though the moped charges had been dismissed, and (3) for continuing with a prosecution for trafficking in proximity to a school even though that was dismissed at the preliminary hearing for lack of probable cause.
>
> **Ground Three:** Subject Matter Jurisdiction.
> Petitioner contends that the trial court lacked subject matter jurisdiction because (1) the moped charges were judicially dismissed with prejudice and (2) the trafficking within a half mile was judicially dismissed for lack of probable cause.
>
> **Ground Four:** The state was in default concerning case no. 2002-CP-40-4682.

See Petition pp. 6-11.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume



the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

Respondent argues in his motion, inter alia, that the Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Petitioner's state court convictions became final on August 14, 2002, the date that the Remittitur was issued from the South Carolina Court of Appeals. (R.p. 298). Petitioner did not seek certiorari from the South Carolina Supreme Court, and Respondent points out that there is some question whether Petitioner's failure to seek discretionary review from the South Carolina Supreme Court during the direct appeal would preclude the possibility of his seeking certiorari review by the



6

United States Supreme Court. If so, Respondent contends that this Petition is untimely because, if the Petitioner was precluded from seeking certiorari review by the United States Supreme Court, the ninety (90) day period for seeking certiorari from the United States Supreme Court would not be included in his limitations period. See e.g., Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) [direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort].

However, if Petitioner was not precluded from seeking certiorari review by the United States Supreme Court, the ninety (90) days for that time period would be tolled and the Respondents do not otherwise challenge the timeliness of this Petition. While Respondent concedes that the South Carolina Supreme Court has held that mere presentation to the state court of appeals without more *is* sufficient to exhaust state remedies; State v. McKennedy, 559 S.E.2d 850 (S.C. 2002); see also In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454 (S.C. 1990); Respondent argues that ultimately the decision is for the federal courts to decide whether an issue was properly presented in state court for federal review. Even under this argument, however, the undersigned observes that in Salters v. Greenville Housing Authority of City of Greenville, 469 U.S. 1225 (1985)(unpublished), the United States Supreme Court denied certiorari on a direct appeal from the South Carolina Court of Appeals. Therefore, since it is arguable from this decision that the United States Supreme Court would accept certiorari directly from the South Carolina Court of Appeals, and the South Carolina Supreme Court has held that presentation to the

7



Court of Appeals without more is sufficient to exhaust state remedies, the undersigned does not find that this petition should be deemed time barred, at least for purposes of summary judgment, and I have therefore proceeded to discuss the issues raised. Cf Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005).

## II.

In Ground One of his Petition, Petitioner contends his appellate counsel was ineffective for failing to assert on direct appeal that the traffic offenses were dismissed with prejudice by a county magistrate. Petitioner contends that this somehow resulted in there being no probable cause for his arrest or subsequent charges. Although Petitioner raised this issue in his APCR, he did not present this issue in his writ of certiorari for his PCR appeal. Respondent argues that this issue is therefore now procedurally barred from consideration by this Court, and the undersigned is constrained to agree.[5] See Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Since the Petitioner did not raise this issue in his petition for certiorari in his PCR appeal, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary,

---

[5] Petitioner did mention this issue in his reply memorandum. However, he did not move to add this as a claim to his petition, and Petitioner's mere reference to this issue in his reply brief was not by itself sufficient to exhaust this claim for purposes of federal review. See State v. Wakefield, 473 S.E.2d 831, 832 (S.C.Ct.App. 1996)[no new arguments or issue may be made or raised in a reply brief].

8



401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not properly pursued by the Petitioner in the state court, federal habeas review of the claim is now precluded absent a showing of cause and prejudice, or actual innocence.  Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

9



Coleman, 501 U.S. at 750.

Since Petitioner argues that he did raise this issue in his PCR application; see Petitioner's Motion in Opposition to Summary Judgment, p. 1;[6] he has not shown or even argued any cause for his failure to raise the issue in his PCR appeal. Therefore, Petitioner has failed to show cause for his procedural default on this issue. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, this claim is procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

### III.

In Ground Two of his Petition, Petitioner contends that the prosecutor committed misconduct (1) by attempting to bring the moped (traffic) charges to General Sessions court even though they had been judicially dismissed with prejudice, (2) for prosecuting him for resisting arrest even though the moped charges had been dismissed, and (3) for continuing with a prosecution for trafficking in proximity to a school even though that was dismissed at the preliminary hearing for lack of probable

---

[6]Which he did, but only before the PCR judge, not on appeal.



cause. Although Petitioner raised a claim of prosecutorial misconduct in his APCR, he again (as was the case with his claim in Ground One) did not present this issue in his PCR appeal.

Petitioner did address this issue in his petition for rehearing; however, a petition for rehearing is not a proper filing in which to raise an issue that was not previously before the Court in the underlying writ of certiorari. See Rule 208(b)(1)(B), SCACR [ordinarily no point will be considered that is not set forth in the statement of issues on appeal]. Under the South Carolina Rules, a petition for rehearing "*shall* state with particularity the points supposed to have been *overlooked or misapprehended* by the court." Rule 221(a), SCACR [emphasis added]. That was not the case with respect to this issue, which was not even set forth as a claim in Petitioner's writ. See also Joseph, 184 F.3d at 328 ["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes, 68 F.3d at 846 (quoting Mallory, 27 F.3d at 995.

Therefore, since this issue was not *properly* pursued by the Petitioner in the state court, federal habeas review of this Ground is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, supra; Waye, 884 F.2d at 766; Coleman, 501 U.S. at 750. Petitioner does not present any cause for his failure to raise and exhaust this issue before the state court, and has failed to show cause for his procedural default on these issues. Rodriguez, 906 F.2d at 1159. Nor has Petitioner shown that a fundamental miscarriage of justice will occur if this claim is not considered. See discussion [Ground One], supra; see also Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159 (citing Murray, 477 U.S. at 496); Sawyer, 505 U.S. at 348; Bolender, 898 F.Supp. at 881. Hence, this claim is procedurally barred from

11



consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## III.

In Ground Three of his Petition, Petitioner contends that the trial court lacked subject matter jurisdiction because (1) the moped charges were judicially dismissed with prejudice and (2) the trafficking within a half mile charge was judicially dismissed for lack of probable cause. The state courts rejected Petitioner's subject matter claims; (R.pp. 303-304, 428-429); Respondent's Exhibit 14; and the undersigned can find no reversible error in these findings. 28 U.S.C. § 2254(d) and (e)(1). In his brief Petitioner argues that "the 'Resisting Arrest' charge, in the indictment [sic] is not sufficiently stated to convey subject matter jurisdiction." See Response, p. 4. This argument has no merit.

The "sufficiency of an indictment or information is primarily a question of state law;" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had



no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989).

There is no evidence of any such deficiency in this case. First, the South Carolina Supreme Court noted in Winns v. State,

> that our decision in this case is consistent with the recently published opinion of State v. Gentry, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. See S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law").

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." Gentry, 610 S.E.2d 494, 500-501 (S.C. 2005).  Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in an indictment is not even a subject matter jurisdiction claim. See also Madden v. Warden, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of Gentry]; State v. Means, 626 S.E.2d at 352 [same].

Further, even prior to Gentry, there is no basis on which to find that the indictment here was defective.  It clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against him. (R.pp. 314-315);   Gentry, 610 S.E. 2d at 499, n. 6 ["[A]n indictment is needed to give notice to the defendant of the charges against him"]. Nor is there any evidence to support a finding that the indictment was "fatally defective" or made Petitioner's trial "egregiously unfair" Ashford, 780 F.2d at 407; Johnson, 930 F.2d at 447; see State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty

13



and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]. The State court found that all of the indictments issued in Petitioner's case were proper, and since there is no basis in the record before this Court on which to find a due process violation, Petitioner is not entitled to federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991)[It is not the province of a federal habeas court to re-examine state court determinations of state law questions.]; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007) ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7, 2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"]; Shepler v. Evans, No. 99-7021, 1999 WL 542885 at **2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000).

Since Petitioner has failed to present the substance of a federal constitutional claim with regard to subject matter or the sufficiency of an indictment, this claim should be dismissed.

**IV.**

In Ground Four of his Petition, Petitioner contends that the state was in default in his PCR case, no. 2002-CP-40-4682. Petitioner argues that the state did not timely file a Return to his PCR application. However, the Petitioner's complaints about alleged infirmities in his PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988)[claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998)[alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action]. Therefore,

14



this issue is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

July 18, 2008



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

16

