IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Isaac Goodman, ) | |
| ) | C/A No. 9:07-3519-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Leroy Cartledge, Warden, M.C.C.I., ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Isaac Goodman is a prisoner in the custody of the South Carolina Department of Corrections who currently is housed at McCormick Correctional Institution in McCormick, South Carolina. Petitioner, appearing pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in custody unlawfully.

This matter is before the court on Respondent's motion for summary judgment filed February 1, 2008. By order filed February 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response to Respondent's motion on April 21, 2008, after being granted two extensions of time to do so.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge issued a Report and Recommendation on July 18, 2008 in which he recommended that Respondent's motion for summary judgment be granted. On August 6, 2008, Petitioner filed a motion to enlarge time to object to the Report and Recommendation. Petitioner was granted until September 5, 2008 to file objections. On September 8, 2008, Petitioner filed a second motion to

enlarge time to file objections to the Report and Recommendation. The court has thoroughly reviewed the record and the Report and Recommendation and the Report and Recommendation. For the reasons state hereinbelow, the court concludes that the Magistrate Judge properly analyzed the § 2254 petition. The court therefore denies Petitioner's second motion to enlarge time (Entry 42) as it does not appear that additional briefing would be instructive.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly discussed in the Report and Recommendation. Briefly, Petitioner was indicted in July 2000 for trafficking in cocaine, possession with intent to distribute marijuana, possession with intent to distribute crack cocaine, resisting arrest, and possession within intent to distribute crack cocaine within one-half mile of a school. Petitioner was found guilty after a bench trial and was sentenced to concurrent sentences, the greatest being twenty-five years incarceration for trafficking in cocaine. Petitioner timely filed an appeal. The South Carolina Office of Appellate Defense, on Petitioner's behalf, raised the following sole issue to the South Carolina Court of Appeals:

> The lower court erred in denying appellant's motion to suppress the drugs found subsequent to his arrest because the arrest itself was unlawful.

Entry 20-7.

The South Carolina Court of Appeals affirmed the convictions and sentences. State v. Goodwin, 567 S.E.2d 912 (S.C. Ct. App. 2002). Remittur was sent down on August 14, 2002.

On September 25, 2002, Petitioner filed an application for post-conviction relief (PCR) in state court. Petitioner raised the following issues:

> 1. The applicant was denied effective assistance of appellate counsel when counsel refused to raise his requested jurisdictional ground that would have entitled him to relief.
>
> 2. The Prosecutor committed deliberate misconduct by indicting applicant on a none indictable misdemeanor after it had been dismissed by the Magistrate Court with prejudice.
>
> 3. The trial court lacked subject matter [jurisdiction] pursuant to the South Carolina Constitution.

Entry 20-4, pp. 12-15 (errors in original).

The matter came before a PCR judge for a hearing on January 20, 2004. Petitioner was represented by counsel. On February 19, 2004, the PCR judge entered a written order denying and dismissing the PCR application.

Petitioner, appearing pro se, next petitioned the South Carolina Supreme Court for a writ of certiorari. Petitioner asserted the following grounds for relief:

> 1. Whether the combined effect of S.C. Code Ann. § 22-5-710 (Supp. 1985) and, in addition, the 1998 amended statute, S.C. Code Ann. § 22-5-510 (Supp. 1998) was to deprive the Court of General Sessions of jurisdiction to try petitioner?
>
> 2. Whether the multiple acts and omissions of petitioner's trial counsel's denied him the effective assistance of counsel?

    3.    Whether the post-conviction hearing Judge erred where he ruled petitioner could not challenge the 1995 prior convictions dismissing his PCR application denying him relief where his 1995 priors were used by the State to seek life imprisonment based on a letter of Notice?

Entry 20-14, p. 3 (errors in original).

The petition for writ of certiorari was denied on September 20, 2006. Petitioner moved for a rehearing, which was denied. Remittur was sent down on November 14, 2006.

Petitioner filed the within action on October 25, 2007. Petitioner asserts the following grounds for federal habeas relief:

**Ground One**: Ineffective Assistance of Appellate Counsel.
Petitioner contends his appellate counsel was ineffective for failing to assert on direct appeal that the traffic offenses were dismissed with prejudice by a magistrate.

**Ground Two:** Prosecutorial Misconduct.
Petitioner contends the prosecutor committed misconduct (1) by attempting to bring the moped charges to General Sessions court even though they had been judicially dismissed with prejudice, (2) for prosecuting him for resisting arrest even though the moped charges had been dismissed, and (3) for continuing with a prosecution for trafficking in proximity to a school even though that was dismissed at the preliminary hearing for lack of probable cause.

**Ground Three:** Subject Matter Jurisdiction.
Petitioner contends that the trial court lacked subject matter jurisdiction because (1) the moped charges were judicially dismissed with prejudice and (2) the trafficking within a half mile was judicially dismissed for lack of probable cause.

**Ground Four:** The state was in default concerning case no. 2002-CP-40-4682.

Entry 1, pp. 5-8.

The petition is governed by the provisions of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996.

II. DISCUSSION

A.   Grounds One and Two

The Magistrate Judge determined that Grounds One and Two are procedurally defaulted because they were not presented to the South Carolina Supreme Court in Petitioner's petition for writ of certiorari from the PCR judge's decision. The court agrees.

A federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729 (1991). This rule applies whether the state law ground is substantive or procedural. Id. The "independent and adequate state law ground" applies to bar federal habeas when a petitioner has deprived the state court of an opportunity to address his federal claims because he has failed to meet the state's procedural requirements for presenting his claim. Id. at 732. Thus, when a petitioner fails to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for purposes of federal habeas. Id. at 735, n.1. In such a case, the exhaustion requirement is "technically met"; however, the rules of the procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997). In this case, state procedural rules would prevent Petitioner from now seeking appellate review of these issues. See S.C. App. Ct. R. 208(b)(1)(B). Petitioner has articulated no good cause for the omission or prejudice from denial of review. See Wainwright v. Sykes, 433 U.S. 72 (1977). The Magistrate Judge correctly concluded that Grounds One and Two should be dismissed.

5

B.   Ground Three

The Magistrate Judge reviewed Petitioner's claim that the state court indictment for resisting arrest was insufficiently stated to convey subject matter jurisdiction. The Magistrate Judge determined that Petitioner's argument has no merit. The court agrees.

As the Magistrate Judge correctly noted, the sufficiency of an indictment is primarily a question of state law. Insufficiency of the indictment is not a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process. Ashford v. Edwards, 780 F.2d 405, 407(4th Cir. 1985). Under South Carolina law, a defect in the indictment does not deprive the trial court of subject matter jurisdiction. See State v. Gentry, 610 S.E.2d 494, 500-01 (S.C. 2005). Moreover, the indictment at issue was sufficient in that it named Petitioner and gave him notice of the charges leveled against him. See State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987). There is no foundation in the record for a finding that Petitioner was deprived of due process. The Magistrate Judge correctly concluded that Ground Three should be dismissed.

C.   Ground Four

The Magistrate Judge determined that Petitioner's contentions of alleged deficiencies in the PCR proceedings do not state a basis for federal habeas relief. See Bryant v. Maryland, 848 F.2d 492, 494 (4th Cir. 1988). The Magistrate Judge correctly concluded that Ground Four should be dismissed.

III. CONCLUSION

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The Magistrate Judge's comprehensive Report and Recommendation is

incorporated herein by reference. Respondent's motion for summary judgment (Entry 20) is granted and the case dismissed.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

September 29, 2008

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**